# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2020

Lyle W. Cayce
Clerk

No. 20-40123
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOHN PURSER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:18-CR-232-1

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

John Purser appeals his convictions of possession of a firearm following conviction of a felony and assaulting, resisting, or impeding certain officers or employees. He argues that the district court erred in denying his motion to suppress evidence obtained from his residence on the ground that

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40123

the good faith exception to the exclusionary rule barred suppression. Finding no reversible error of law or fact, we AFFIRM.

In September 2018, Officer Gerald Schlosser received reports of two men fighting in a parking lot. When Schlosser arrived on the scene, one of the two men, John Purser, fled, and a chase ensued. Purser reached his home and pointed a firearm out of a window, threatening to shoot Schlosser. Other officers arrived at the scene, but Purser could not be persuaded to budge from his perch.

The officers obtained an arrest warrant for Purser and a search warrant for his home. Investigator Candice Herron drafted a probable cause affidavit. The affidavit listed Purser's address as "275 Eastham Lane, Princeton, Collin County, Texas 75407," which Herron ascertained from the police reports documenting the assault. She attached two pictures from Google Maps depicting the residence, and she described the structure as "tan with brown trim," marked by a "utility pole to the south with the numbers 275."

Once the warrant was issued, the officers returned to the area where the fight occurred. Purser, out on the streets, spotted them and fled towards his home. There, he once again tried to barricade himself. After a violent tussle, the officers eventually subdued and arrested Purser.

When Herron arrived to conduct a search of the home, she observed the house was blue, not brown. Nonetheless, she believed the home was the address listed in the affidavit, because the structure was marked by "275" and was the very residence where Purser had fled.

During trial, Purser moved to suppress any evidence stemming from the search of his residence, arguing that the search warrant incorrectly listed his address. The district court held a hearing at which the parties presented witness testimony, documentary evidence, and argument of counsel. The

court entered a written order denying the motion on the ground that the good faith exception to the exclusionary rule barred suppression.

A jury convicted Purser of possession of a firearm following conviction of a felony (18 U.S.C. § 922(g)(1)) and assaulting, resisting, or impeding certain officers or employees (18 U.S.C. § 111). The district court sentenced him to a total term of imprisonment of 87 months on both counts to run concurrently. Purser timely appealed.

This court reviews de novo the denial of a suppression motion and examines the underlying factual findings for clear error. *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014). We engage in a two-step inquiry when reviewing a district court's denial of a defendant's motion to suppress involving a search warrant. *United States v. Allen*, 625 F.3d 830, 835 (5th Cir. 2010). We first decide whether the good-faith exception to the exclusionary rule applies; if it does not, we review whether the issuing judge had a substantial basis for determining that probable cause existed. *Id.*

The exclusionary rule is a judicially-created remedy "designed to safeguard Fourth Amendment rights generally through its deterrent effect." *United States v. Leon*, 468 U.S. 897, 906, 104 S. Ct. 3405, 3412 (1984) (quoting *United States v. Calandra*, 414 U.S. 338, 348, 94 S. Ct. 613, 620 (1974)). The rule forbids the admission of evidence resulting from an unconstitutional search. *Id.* at 918. Under the good faith exception, however, "if the officers obtained the evidence 'in objectively reasonable good-faith reliance upon a search warrant,' the evidence is admissible 'even though the affidavit on which the warrant was based was insufficient to establish probable cause.'" *United States v. Pope*, 467 F.3d 912, 916 (5th Cir. 2006) (quoting *United States v. Satterwhite*, 980 F.2d 317, 320 (5th Cir. 1992)).

The Supreme Court has identified several limitations to the good faith exception, and Purser argues two of them apply here. First, he contends that

No. 20-40123

the magistrate issuing the warrant was misled by the affidavit's information, which Herron knew or reasonably should have known was false. *Leon*, 468 U.S. at 923. Second, he asserts the warrant was so facially deficient in failing to particularize the place to be searched that Herron could not have reasonably presumed it to be valid. *Id.*

Both arguments fail. Officer Herron inserted the incorrect Google Map Street View photos of Purser's residence. But as the district court correctly observed, Herron did not realize the photos were outdated, and her affidavit otherwise provided sufficient, correct information for the judge to make a finding of probable cause. The circumstances make clear that Herron's mistake was an honest one—a far cry from "reckless disregard for the truth." *Id.* What's more, Herron's mistake was not really a mistake at all, for any alleged error was cured when Purser led the officers to his correct address and they searched his actual residence. Thus, the good-faith exception applies.

**AFFIRMED**.